UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

GAYLON WARDWELL, )
 )
    Petitioner )
 )
v. ) 1:11-cv-00471-NT
 )
WARDEN, MAINE STATE PRISON, )
 )
    Respondent )

**RECOMMENDED DECISION**

Gaylon Wardwell has filed a 28 U.S.C. § 2254 petition seeking federal habeas relief. The State of Maine has responded with a motion to dismiss (Doc. No. 3), arguing that his claim is procedurally defaulted. Wardwell has not filed an opposition to the State's motion and his time for doing so has elapsed.

As relevant to Wardwell's petition, 28 U.S.C. § 2244 provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>     (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> . . . .
>   (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

A second aspect of federal habeas review relevant to this case is Section 2254(b)(1)(A) which requires that a § 2254 petitioner exhaust "the remedies available in the courts of the State" prior to applying for federal habeas relief. With respect to this exhaustion requirement, the United States Supreme Court has explained:

> Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U.S.C. § 2254(b)(1), thereby giving the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights. To provide the State with the necessary opportunity, the prisoner must fairly present his claim in *each appropriate state court (including a state supreme court with powers of discretionary review)*, thereby alerting that court to the federal nature of the claim.

Baldwin v. Reese, 541 U.S. 27, 29 (2004) (emphasis added, internal quotation marks and citation omitted).

## FACTUAL BACKGROUND

Petitioner Wardwell was convicted of murder in Aroostook County and sentenced to life imprisonment with parole. On August 21, 1962, the Maine Law Court affirmed his conviction. State of Maine v. Gaylon Wardwell, 183 A.2d 896, 158 Me. 307 (1962). (Respondent's Mot. ¶ 1, Doc. No. 3.) On April 26, 1973, the Maine State Parole Board released Wardwell to parole. A condition of his parole was to refrain from new criminal conduct. (Id. ¶ 2.)

On November 17, 2000, Wardwell violated this condition of parole by committing and later being convicted of the crime of unlawful sexual contact upon a 7-year old girl. State v. Wardwell, No. CR-01-55 (Me. Super. Ct., And. Cty.). (Respondent's Mot. ¶ 3.) On November 15, 2001, the Maine State Parole Board held a hearing on the violation. The Board found that Wardwell had violated a condition of his parole and ordered Wardwell to serve an additional five years. (Id. ¶ 4.) On February 24, 2003, Wardwell wrote a letter to Martin Magnusson, then-Commissioner of the Department of Corrections, alleging that, since his life sentence had been "terminated" fifteen years before, he was being illegally held pursuant to the Maine Law Court's decision in Austin v. State, 663 A.2d 62 (Me. 1995). (Id. ¶ 5.) This is the same claim he is raising in the instant 2254 petition.

2

On March 12, 2003, Commissioner Magnusson responded with a letter informing Wardwell that he was mistaken in his understanding that his parole had been "terminated" (or "discharged"). Wardwell did not take any legal steps to challenge the Commissioner's interpretation of Wardwell's parole status. (Id.) Later in 2003, Wardwell wrote another letter to the Commissioner requesting early consideration by the Parole Board. On November 21, 2003, the Commissioner responded by suggesting to Wardwell that he directly communicate with Nancy Downs, who at the time was secretary of the Board. On December 1, 2003, Wardwell sent Downs a letter requesting an early review of his case. On May 27, 2004, Downs replied by letter, informing Wardwell that the Board had denied his request for an early review of his case and that his case would be reviewed as scheduled in October 2006. (Id. ¶ 6.) On September 21, 2006, the Parole Board reviewed Wardwell's case and ordered Wardwell to serve an additional five years. (Id. ¶ 7.)

On November 22, 2011, the Parole Board again reviewed Wardwell's case. As a result, the Board continued Wardwell's case to allow him to consult with an attorney. (Id. ¶ 8.) On December 8, 2011, Wardwell signed the current section 2254 petition and filed it with this Court on December 12, 2011. (Id. ¶ 9.)

## DISCUSSION

Petitioner Wardwell has alleged two grounds in his section 2254 petition: (1) that he has been illegally detained by the Maine Department of Corrections since 2001 because his previous life sentence for murder had been "discharged"; and (2) that the Department of Corrections had no right to "reinstate" his life sentence in 2001 because of the Maine Law Court's decision in Austin v. State, 663 A.2d 62 (Me. 1995). Because the only state court judgments ever entered in this case were two judgments of conviction, one in 1962 for murder and one in 2000 for unlawful

3

sexual conduct, it is apparent that Wardwell is time barred from challenging either of these convictions. Indeed it does not appear that Wardwell is challenging either judgment of conviction as invalid; his complaint is that both sentences have expired and the State of Maine continues to illegally detain him. His challenge, such as it is, is actually directed at the 2001 decision of the parole board and the 2003 letter he received from Commissioner Magnusson.

It is apparent from the attached state court record that the fundamental factual premise of Wardwell's claims is mistaken. Unlike the parolee in the Austin case, Wardwell's life sentence was never "discharged" by the parole board or anyone else. The Maine State Parole Board released him on parole in 1973 with the express condition that he refrain from future criminal conduct. In 2001, upon its finding that Wardwell violated this condition of his parole, the Board revoked his parole and returned him to prison. Based on the undisputed record filed with this Court, at no time was Wardwell's life sentence "discharged" and then "reinstated" as alleged in the petition.

Wardwell was informed that his sentence had not been discharged by the Commissioner of Corrections when he alleged an Austin violation in 2003. (Respondent's Mot. ¶ 5.) Wardwell did not challenge this response from the Department of Corrections, either in state or federal court. Nor did he challenge the Maine State Parole Board's 2001 decision to revoke his parole. Wardwell could have filed a state post-conviction review petition as late as one year from the date on which the factual predicate of his claim or claims became known to him through the exercise of due diligence. 15 M.R.S. § 2128(5)(C); Gilbert v. State, 505 A.2d 1326 (Me. 1986) (post-conviction review of Parole Board's revocation of parole and consistent denial of parole since that date). Wardwell has made no effort to pursue his claim in the state courts, instead

4

bringing the claim directly to this Court. This claim regarding the nature of the 2001 Parole Board proceeding has never been exhausted in the state courts and is not ripe for federal review.

## CONCLUSION

Because I agree with the State of Maine that Wardwell's claim has not been exhausted in the courts of the State of Maine, I recommend that the Court DENY Wardwell 28 U.S.C. § 2254 relief.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

February 23, 2012                 /s/ Margaret J. Kravchuk
                                  U.S. Magistrate Judge